UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Edgar Floriano,<br>Plaintiff<br><br>v.<br><br>Caritas Holy Family Hospital and Medical Center, a.k.a. Holy Family Hospital, Inc., a.k.a. Holy Family Hospital Foundation, Inc.; and William Lane, President, as hospital administrator; and Gerald O'Neill, Senior Vice President/CFO, as hospital administrator; and Martha McDrury, Senior Vice President/COO, as hospital administrator; and Jason Maxwell,<br>Defendants | 04 11915 RCL<br><br>CIVIL ACTION NO.:<br><br>MAGISTRATE JUDGE Cohen |

RECEIPT # 58328
AMOUNT $150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 9-1-04

## COMPLAINT AND REQUEST FOR JURY TRIAL

### CAUSE OF ACTION

This is a Civil Action brought in the United States District Court for the District of Massachusetts by the Plaintiff, Edgar Floriano, to recover damages sustained by him as a consequence of the negligent supervision, negligent hiring, negligent infliction of emotional distress, negligent misrepresentation, breach of fiduciary duty, breach of contract and violation of Federal Law, including 42 U.S.C. § 1983 and 42 U.S.C. § 1981 of Defendant, Holy Family Hospital and Medical Center, a.k.a. Holy Family Hospital, Inc., a.k.a. Holy Family Hospital Foundation, Inc. (hereinafter referred to as "Holy Family") and Defendants William Lane, Gerald O'Neill, and Martha McDrury as hospital administrators/agents of Holy Family; and the sexual assault, battery, and intentional infliction of emotional distress by Jason Maxwell, an agent/employee of Holy Family, which occurred on or about October 2001 in room number 441 at Holy Family at approximately 5:30am. The Plaintiff was a patient at the hospital and was being treated for an infection when he was sexually assaulted and inappropriately touched by the Defendant, Jason Maxwell, acting under the negligent supervision of Holy Family. The Plaintiff suffered personal injuries, both physical and mental, as a result of the assault, battery, and the intentional infliction of emotional distress of Jason Maxwell and the negligent supervision, negligent hiring, negligent infliction of emotional distress,

negligent misrepresentation, breach of fiduciary duty, breach of contract, deprivation of rights under 42 U.S.C. § 1983 and violation of equal rights under the law under 42 U.S.C. § 1981 of Holy Family.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Edgar Floriano, demands a TRIAL BY JURY upon each and every count of this Complaint and all triable issues in this Federal Civil Action and hereby gives Notice of his Claim for a Trial by Jury in United States District Court pursuant to Federal Rules of Civil Procedure 38 and as declared by the 7th Amendment of the United States Constitution.

## JURISDICTION and VENUE

This claim is brought in Federal Court as a result of Federal subject matter jurisdiction under 28 U.S.C. § 1331 due to direct violations of United States law by the Defendant, Holy Family, including, 42 U.S.C. § 1983, deprivation of rights and 42 U.S.C. § 1981 violation of equal rights under the law.

## THE PARTIES

1. ***The PLAINTIFF:*** The Plaintiff, Edgar Floriano, is a Massachusetts resident who resides at 9 Loring Street, Lawrence, Massachusetts.

2. ***The DEFENDANT:*** The Defendant, Jason Maxwell, is a Massachusetts resident who resides at 264 E. Haverhill Street, Lawrence, Massachusetts.

3. ***The DEFENDANT:*** The Defendant, Caritas Holy Family Hospital and Medical Center, a.k.a. Holy Family Hospital, Inc., a.k.a. Holy Family Hospital Foundation, Inc., is a Massachusetts corporation with principal place of business at 70 East Street, Methuen, Massachusetts.

4. ***The DEFENDANT:*** The Defendant, William Lane, President, as hospital administrator and agent of Defendant Holy Family Hospital and Medical Center.

5. ***The DEFENDANT:*** The Defendant, Gerald O'Neill, Senior Vice President/CFO, as hospital administrator and agent of Defendant Holy Family Hospital and Medical Center.

6. ***The DEFENDANT:*** The Defendant, Martha McDrury, Senior Vice President/COO, as hospital administrator and agent of Defendant Holy Family Hospital and Medical Center.

## FACTUAL BACKGROUND

7. In October 2001, Plaintiff, Edgar Floriano was admitted into a room in isolation, room number 441, at Carita's Holy Family Hospital for an infection he suffered

prior to hospitalization.

8. The Defendant, Jason Maxwell was the nurse attending to the Plaintiff, Edgar Floriano.

9. At approximately 5:30a.m. on or about October 2001, Jason Maxwell entered the Plaintiff's room in order to withdraw blood from him.

10. After withdrawing the vials of blood, Jason Maxwell placed them on top of Edgar Floriano's genitals instead of placing them on the table beside him.

11. Mr. Maxwell then proceeded to lean against the Plaintiff, touching his shoulder inappropriately with his genitals, and then inappropriately caressing the Plaintiff's arms, face and lips, putting his genitals near the Plaintiff's face and touching his tongue to the Plaintiff's face.

12. The Plaintiff, Edgar Floriano, was unable to move because of the medication he was given by Holy Family and was therefore unable to stop the advances of the Defendant, Jason Maxwell.

13. Defendant Jason Maxwell then proceeded to touch the Plaintiff's genitals and then started to touch his own genitals while the Plaintiff was in his presence.

14. While in the presence of the Plaintiff, Defendant Jason Maxwell began to masturbate himself for approximately thirty minutes until he ejaculated into two purple gloves which he threw in the trash next to the Plaintiff's bed after he was finished.

15. Plaintiff Edgar Floriano, still under the influence of the medication and in fear of what Defendant Jason Maxwell was capable of doing, did not notify the hospital immediately, but instead notified his friend three hours after, who rushed into the hospital to confront the nurse and discuss the situation.

16. Holy Family Hospital only began to cooperate when they were told by the Plaintiff that he had in his possession, the gloves in which the Defendant had ejaculated into.

17. Edgar Floriano has suffered severe physical and emotional damage as a result of Jason Maxwell's sexual assault, battery, and intentional infliction of emotional distress and Holy Family's negligent supervision, negligent hiring, negligent infliction of emotional distress, negligent misrepresentation, breach of fiduciary duty, breach of contract, deprivation of rights under 42 U.S.C. § 1983, and violation of equal rights under 42 U.S.C. § 1981 which has resulted in Mr. Floriano becoming terrified of receiving necessary treatment from doctors for a fear of having such tortious activity occur again.

## COUNTS OF THE COMPLAINT OF THE PLAINTIFF

### COUNT I
*(Edgar Floriano v. Jason Maxwell – In Assault)*

18. Plaintiff repeats and re-alleges each statement in paragraphs one (1) through seventeen (17) above, as fully as if expressly rewritten herein.

19. While a lawful patient in Defendant's hospital, the Plaintiff, Edgar Floriano was being treated for an infection and was sexually assaulted by Defendant, Jason Maxwell.

20. The Plaintiff was under medication at the instruction of the hospital in order to treat an infection and was therefore unable to protect himself against the actions of the Defendant Jason Maxwell. He was unable to move and was put in apprehension of harmful and severely offensive contact by the Defendant.

21. Jason Maxwell was at all times fully aware of the medicated state in which the client was in and that the Plaintiff could not therefore consent or in any way prevent the actions of the Defendant.

22. While conscious and fully aware of the Plaintiff's state of mind, Jason Maxwell intentionally put Edgar Floriano in apprehension of an imminent battery.

23. As a direct and proximate result of the sexual assault by the Defendant, the Plaintiff sustained serious personal injuries; more specifically he is unable to trust any doctor, fearing that he may be assaulted while under the supervision of a treating physician or any other hospital employee. His ability to seek treatment for any physical or mental ailment has been severely impaired. Furthermore, he has suffered fright, revulsion and humiliation as a direct result of the Defendant's actions.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Jason Maxwell, for sexual assault, in an amount that will fairly and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

### COUNT II
*(Edgar Floriano v. Jason Maxwell – In Battery)*

24. Plaintiff repeats and re-alleges each statement in paragraphs one (1) through twenty-three (23) above as fully as if expressly rewritten herein.

4

25. In addition, on or about October 2001, while the Plaintiff was under the influence of medication given to him by the hospital, Jason Maxwell intentionally, inappropriately touched Edgar Floriano's arms, face, lips and genitals without the consent of the Plaintiff.

26. As a direct and proximate result of this battery, the Plaintiff was caused severe physical injury and mental distress. Mr. Floriano was in fear that his health would worsen and began to feel dizzy as he was being assaulted and inappropriately touched by Mr. Maxwell. Furthermore, he has suffered fright, revulsion and humiliation as a direct result of the Defendant's actions.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Jason Maxwell, for battery, in an amount that will fairly and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT III
*(Edgar Floriano v. Jason Maxwell - Intentional Infliction of Emotional Distress)*

27. Plaintiff repeats and realleges each statement in paragraphs one (1) through twenty-six (26) above as fully as if expressly rewritten herein.

28. The actions of Defendant Jason Maxwell were willful and intentional and they were the proximate, direct cause of the severe emotional distress suffered by Plaintiff Edgar Floriano as a result thereof.

29. Jason Maxwell knew and/or should have known that his tortious actions of sexual assault and battery would cause Edgar Floriano great mental distress including, but not limited to, causing Mr. Floriano to be extremely apprehensive of receiving necessary medical treatment from any doctor for fear of having these same tortious activities occur in a hospital environment by a nurse and/or other hospital employee.

30. The distress suffered by Plaintiff Edgar Floriano as a result of the above-mentioned actions of Defendant Jason Maxwell was severe as no reasonable person would be able to endure such distress.

31. As a result of Defendant Jason Maxwell's intentional infliction of emotional distress, Plaintiff Edgar Floriano has suffered severe mental damages and will continue to suffer mental injury for the rest of his natural life.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Jason Maxwell, for intentional infliction of emotional distress, in an amount that will fairly and adequately compensate Plaintiff for damages suffered as a result of Jason Maxwell's intentional infliction of emotional distress and all other damages recoverable

together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT IV
*(Edgar Floriano v. Holy Family Hospital, Inc., William Lane, Gerald O'Neill, and Martha McDrury – In Negligence – Negligent Supervision)*

32. Plaintiff repeats and re-alleges each statement in paragraphs one (1) through thirty-one (31) above as fully as if expressly rewritten herein.

33. At the time mentioned above and all times, Defendant has the duty to maintain Defendant's business premises in a reasonably safe condition for patients, including Plaintiff.

34. In violation of this duty, Defendant, Holy Family, negligently permitted Defendant, Jason Maxwell, to sexually assault, inappropriately touch, and intentionally inflict emotional distress on the Plaintiff, Edgar Floriano, by leaving the two parties unattended while Edgar Floriano was under his medication, thus not allowing the Plaintiff to protect himself or call for assistance while in his medicated state, therefore negligently allowing these tortious actions by Jason Maxwell to occur under their supervision.

35. As a direct and proximate result of Defendant Holy Family's negligent supervision, Plaintiff Edgar Floriano has suffered severe mental and physical injury and will continue to suffer injury for the rest of his natural life.

36. As a further result of Defendant's negligent supervision, Plaintiff has been prevented from being treated at a hospital without fear of being assaulted or inappropriately touched by a physician or other employee of the hospital.

37. The above physical and mental injuries were caused solely and proximately by defendant's negligent supervision.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Holy Family, for negligent supervision, in an amount that will fairly and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT V
*(Edgar Floriano v. Holy Family Hospital, Inc., William Lane, Gerald O'Neill, and Martha McDrury – In Negligence – Negligent Hiring)*

38. Plaintiff repeats and realleges each statement in paragraphs one (1) through thirty-seven (37) above as fully as if expressly rewritten herein.

39. At the time mentioned above and at all times, Defendant has the duty to maintain Defendant's business premises in a reasonably safe condition for patients, including Plaintiff.

40. Defendant, Holy Family breached this duty by negligently hiring Jason Maxwell without a thorough and comprehensive background check.

41. As a direct and proximate result of Holy Family's breach of this duty, one of their employees, Jason Maxwell sexually assaulted and inappropriately touched Plaintiff, Edgar Floriano, a lawful patient of Holy Family Hospital.

42. As a result, Plaintiff Edgar Floriano has suffered severe mental and physical injury and will continue to suffer injury for the rest of his natural life.

43. The above physical and mental injuries were caused solely and proximately by defendant's negligence.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Holy Family, for negligent hiring, in an amount that will fairly and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT VI
*(Edgar Floriano v. Holy Family Hospital, Inc., William Lane, Gerald O'Neill, and Martha McDrury – In Negligence - Negligent Misrepresentation)*

44. Plaintiff repeats and realleges each statement in paragraphs one (1) through forty-three (43) above as fully as if expressly rewritten herein.

45. Further, Defendant Holy Family represented to Plaintiff that he would receive medical services for those ailments in which he has expressly and impliedly contracted to receive.

46. Plaintiff checked into Holy Family Hospital on or about October 2001 in order to receive medical treatment for an infection.

47. Defendant Holy Family negligently misrepresented to Plaintiff Edgar Floriano that these services would be performed and Mr. Floriano relied on this representation.

48. Defendant Holy Family had a duty to assure that these services were rendered to their patient Edgar Floriano and they breached this duty by allowing one of their agents, Jason Maxwell to interfere with his treatment through his various tortious acts against Plaintiff.

49. Plaintiff Edgar Floriano, as a result of Defendant Holy Family's negligent misrepresentation, suffered significant damages including severe mental and physical injury and will continue to suffer injury for the rest of his natural life.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Holy Family, for negligent misrepresentation, in an amount that will fairly and adequately compensate Plaintiff for damages suffered as a result of Holy Family's misrepresentation and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT VII
### *(Edgar Floriano v. Holy Family Hospital, Inc., William Lane, Gerald O'Neill, and Martha McDrury – In Negligence - Negligent Infliction of Emotional Distress)*

50. Plaintiff repeats and realleges each statement in paragraphs one (1) through forty-nine (49) above as fully as if expressly rewritten herein.

51. Defendant Holy Family hospital knew or should have known that the actions of their agent/employee would cause great emotional distress to Plaintiff Edgar Floriano.

52. Defendant Holy Family had a duty to prevent their employees/agents from performing tortious activities including, assault, battery, and intentional infliction of emotional distress.

53. As a result of their negligence in allowing these tortious actions to take place, including their negligent supervision and negligent hiring of Jason Maxwell, they breached this duty.

54. As a direct and proximate result of Holy Family's negligent infliction of emotional distress, Plaintiff Edgar Floriano has suffered severe emotional distress which no reasonable person would be expected to endure and will continue to suffer such mental injury for the rest of his natural life.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Holy Family, for negligent infliction of emotional distress, in an amount that will fairly and adequately compensate Plaintiff for damages suffered as a result of Holy Family's negligent infliction of emotional distress and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT VIII
### *(Edgar Floriano v. Holy Family Hospital, Inc., William Lane, Gerald O'Neill, and Martha McDrury – Breach of Contract)*

55. Plaintiff repeats and realleges each statement in paragraphs one (1) through fifty-four (54) above as fully as if expressly rewritten herein.

56. On or about October 2001, upon entering the premises of Defendant, Holy Family, and checking into their facilities for treatment for an infection, Plaintiff, Edgar Floriano expressly and impliedly contracted with Holy Family for medical services.

57. Defendant Holy Family contracted with Plaintiff, Edgar Floriano to provide medical services for an infection suffered by Plaintiff in consideration for monies paid to the hospital.

58. The above mentioned medical services were to be rendered in order to improve Plaintiff's condition.

59. Further, Plaintiff impliedly contracted with Defendant that he would not be subject to tortious conduct by Holy Family or any of its agents/employees while under their care and supervision.

60. Defendant Holy Family breached both the express and implied contract between Holy Family and Edgar Floriano through the tortious actions of their agent, Jason Maxwell as described more fully above and by putting Mr. Floriano in a worse position, both physically and mentally, than had the contract been carried out as specified and implied.

61. As a result of Defendant's breach of express and implied contract to Plaintiff Edgar Floriano, Plaintiff has suffered significant damages and was put in a worse condition than before the contract was executed.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Holy Family, for breach of contract, in an amount that will fairly and adequately compensate Plaintiff for damages suffered as a result of Holy Family's breach of contract and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT IX
*(Edgar Floriano v. Holy Family Hospital, Inc., William Lane, Gerald O'Neill, and Martha McDrury – Breach of Fiduciary Duty)*

62. Plaintiff repeats and realleges each statement in paragraphs one (1) through sixty-one (61) above as fully as if expressly rewritten herein.

63. Defendant, Holy Family as a professional organization, owed a fiduciary duty to Plaintiff, Edgar Floriano, a patient of Holy Family Hospital and therefore had an obligation to act in the best interests of their patient.

64. Through Holy Family's negligence, the above mentioned tortious actions were carried out by one of their agents, Jason Maxwell.

65. Holy Family was not acting in the best interests of their patient/client because of their negligent supervision, negligent hiring, negligent infliction of emotional distress, and negligent misrepresentation, thus breaching their fiduciary duty to Edgar Floriano.

66. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff Edgar Floriano has suffered significant damages, including severe mental and physical injury and will continue to suffer injury for the rest of his natural life.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant, Holy Family, for breach of fiduciary duty, in an amount that will fairly and adequately compensate Plaintiff for damages suffered as a result of Holy Family's breach of fiduciary duty and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

## COUNT X
*(Edgar Floriano v. Holy Family Hospital, Inc, William Lane, Gerald O'Neill, and Martha McDrury.- Federal Civil Rights violations: deprivation of rights in violation of 42 U.S.C. § 1983 and violation of equal rights under the law under 42 U.S.C. § 1981)*

67. Plaintiff repeats and realleges each statement in paragraphs one (1) through sixty-six (66) above as fully as if expressly rewritten herein.

68. Defendant Holy Family's actions are in violation of 42 U.S.C. § 1983 deprivation of rights and 42 U.S.C. § 1981 violation of equal rights under the law as a result of their discrimination of Mr. Floriano after his initial complaint of tortious activity performed by one of their employees, Jason Maxwell.

69. In response to Edgar Floriano's complaint of sexual assault and battery, no immediate action was taken until Edgar Floriano's friend complained of the above mentioned tortious activities by Jason Maxwell and she threatened to take the information to the police.

70. Mr. Floriano's complaint was ignored because of his Hispanic decent and inability to speak English clearly.

71. A complaint of this gravity would have been handled immediately and effectively if he were of Caucasian decent, but instead was not taken seriously because of his inability to speak fluent English and because of his Hispanic decent.

72. As a direct result of Holy Family's discrimination in handling his compliant of sexual assault and battery and their negligent actions which resulted in his deprivation of rights and violation of equal rights under the law, Plaintiff Edgar Floriano has suffered severe physical injury and emotional distress including, but not limited to, fear of receiving necessary medical care from any hospital employee for his life-threatening condition and an inability to exercise the rights

and privileges afforded him by the Constitution knowing that his complaints will not be taken seriously because of his race and inability to speak fluent English.

Wherefore, Plaintiff Edgar Floriano prays that judgment be entered against Defendant Holy Family for deprivation of rights in violation of 42 U.S.C. § 1983 and violation of equal rights under the law under 42 U.S.C. § 1981, in an amount that will fairly and adequately compensate Plaintiff for damages suffered as a result of Holy Family's deprivation of rights and violation of equal rights under the law and all other damages recoverable together with interest, costs, attorney's fees, and such other relief as this Honorable Court may deem appropriate.

Date: September 1, 2004

Respectfully submitted,
Edgar Floriano,
By his attorney,

Stephen L. D'Angelo, Esq.
BBO #: 640900
Thomas J. Hogan, Esq.
BBO #: 657919
D'Angelo & Hashem, LLC
6 Beacon Street, Suite 505
Boston, MA 02108
617-624-9777

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Edgar Floriano v. Holy Family Hospital and Medical Center__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]  NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Stephen L. D'Angelo, Esq.___
ADDRESS ___6 Beacon Street, Suite 505, Boston, MA 02108___
TELEPHONE NO. ___(617) 624 - 9777___

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Floriano, Edgar

**DEFENDANTS** (also see attached)
Caritas Holy Family Hospital and Medical Center a.k.a. Holy Family Hospital, Inc. a.k.a. Holy Family Hospital Foundation, Inc.

**(b)** County of Residence of First Listed Plaintiff: Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
D'Angelo & Hashem, LLC
6 Beacon St., Suite 505
Boston, MA 02108
(617) 624-9777

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 863 DIW C/DIW W (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 864 SSID Title XVI | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | |
| | | | ☐ 740 Railway Labor Act | |
| | | | ☐ 790 Other Labor Litigation | |
| | | | ☐ 791 Empl. Ret. Inc. Security Act ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. section 1983 Deprivation of Rights &
42 U.S.C. section 1981 Violation of Equal Rights

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____