UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDGAR FLORIANO,<br>    Plaintiff<br><br>v.<br><br>CARITAS HOLY FAMILY HOSPITAL AND<br>MEDICAL CENTER, A/K/A HOLY NAME<br>HOSPITAL FOUNDATION, INC. AND<br>WILLIAM LANE, RESIDENT, AS HOSPITAL<br>ADMINISTRATOR, AND GERALD O'NEILL,<br>SENIOR VICE PRESIDENT/CFO, AS<br>HOSPITAL ADMINISTRATOR AND MARTHA<br>MCDRURY, SENIOR VICE PRESIDENT/COO,<br>AS HOSPITAL ADMINISTRATOR, &<br>JASON MAXWELL,<br>    Defendants | C.A. NO.: 04-11915RCL |

## JOINT STATEMENT OF THE PARTIES

I. Plaintiff's Concise Summary of the Facts

The Plaintiff contends that in October 2001, in room number 441 at the Defendant Caritas Holy Family Hospital a/k/a Holy Name Hospital Foundation Inc. (hereinafter "Holy Family"), the Defendant Jason Maxwell ("Defendant Maxwell") committed an act of sexual assault and battery upon Plaintiff. Defendant Maxwell was an employee of the Defendant Holy Family, when he committed the sexual assault and battery upon Plaintiff.

The Plaintiff contends that the Defendant Holy Family, as well as Defendants William Lane, ("Lane") Gerald O'Neill ("O'Neill"), and Martha McDrury ("McDrury") negligently hired and negligently supervised Defendant Maxwell as an employee.

The Plaintiff, is an HIV-positive Hispanic male who speaks only Spanish. The Plaintiff contends that the Defendants Holy Family, Lane, O'Neill, and McDrury refused, delayed and failed in conducting a timely investigation following receipt of notice of the events relevant to the initiation of this matter. The Plaintiff contends that the Defendants assumed the Plaintiff participated in the events central to this claim and therefore ignored the Plaintiff's allegations. The Plaintiff further contends that the Defendants, all white, weighed the Plaintiff's credibility based upon his ethnicity and his HIV status.

The Defendants failed to notify the police department and refused, neglected and/or failed to conduct an internal investigation following the filing of criminal charges against Defendant Maxwell. Defendants' failure to report the attack on the Plaintiff forced the Plaintiff's girlfriend to telephone the police to report the events central to this claim. Plaintiff asserts negligent misrepresentation, breach of fiduciary duty, breach of contract, deprivation of rights under 42 U.S.C. §1983, and violation of equal rights under the law under 42 U.S.C. §1981.

## II. Position of the Defendants, Holy Family Hospital, Inc., William Lane, Gerald O'Neill and Martha McDrury

The Defendants, Holy Family Hospital, William Lane, Gerald O'Neill and Martha McDrury, deny that they were negligent incident to the alleged assault upon the Plaintiff by the Co-Defendant, Jason Maxwell, or in any way responding to the allegations which were set forth. The Defendants deny that they breached any fiduciary duty or contractual obligation to the Plaintiff. The Defendants further deny that they deprived the Plaintiff's

2

rights in accordance with 42 U.S.C. §1983 or violated his rights in accordance with 42 U.S.C. §1981.

### III. Discovery Plan

1. Discovery will be needed on the following subjects: Deposition of the Plaintiff and Defendants as well as any witnesses or experts to the incident alleged in the Plaintiff's Complaint. The parties reserve the right to supplement this list prior to trial.

2. Plaintiff proposes **January 31, 2006** as a deadline for any and all Discovery, including but not limited to interrogatories, requests for production of documents, admissions, and depositions (with the exception of expert deposition testimony as found below) as it applies to the Defendants who have answered; Holy Family Hospital, William Lane, Gerald O'Neill and Martha McDrury.

3. Defendants Holy Family Hospital, William Lane, Gerald O'Neill and Martha McDrury contend that all Discovery is to conclude **January 31, 2006**.

4. The Essex County District Attorney's Office informed Plaintiff's counsel that the Lawrence District Court has ordered a DNA test of Defendant Maxwell. Defendant Maxwell has not yet submitted to the Court-Ordered DNA test for

3

two months, but the District Attorney's Office expects to enforced the Order within the next 60 days if Defendant Maxwell fails to comply to the test.

Although Plaintiff's counsel has put Defendant Maxwell on notice of this present Civil Suit, Defendant Maxwell has refused recent mailings. Plaintiff contends that additional time may be necessary for Discovery in this Civil Suit if Defendant Maxwell's Criminal Matter is not resolved expeditiously. It would be more likely than not that Defendant Maxwell will exert his Fifth Amendment Constitutional Right until his Criminal Trial is completed. This action was brought to preserve the Plaintiff's causes of action as the Criminal Matters have not resolved.

Plaintiff's counsel proposes a deadline of nine months following the conclusion of Defendant Maxwell's Criminal Matter. This proposal is not date specific as to the unknown resolution of Defendant Maxwell's Criminal Matter which is ongoing for more than three years.

5. The maximum number of Interrogatories and the due date to be served on another party to be within the bounds established by the Federal Rules of Civil Procedure.

6. The Requests for the Production of Documents and the due date to be within the bounds established by the Federal Rules of Civil Procedure.

7. The Requests for Admissions and the due date to be within the bounds established by the Federal Rules of Civil Procedure.

8. Depositions to be conducted within the bounds established by the Federal Rules of Civil Procedure.

9. Each deposition of a single deponent must be limited to seven (7) hours unless extended by agreement of the parties.

10. All reports retained by Experts under Rule 26(a)(2) to be due on March 30, 2006 for both parties.

## IV. Filing of Motions

1. The Plaintiff should be allowed until August 31, 2005 to join additional parties and to amend the pleadings.

2. All potentially dispositive Motions shall be filed by October 31, 2005.

## V. Disclosure Certification

I, Stephen L. D'Angelo, Esq., counsel for the Plaintiff, Edgar Floriano, hereby certify that the Plaintiff has been informed of the potential costs in filing and litigating suit. I also

certify that the Plaintiff, Edgar Floriano, has been informed of alternative dispute resolution programs such as mediation, arbitration and negotiation.

I, Wilson D. Rogers, III, counsel for Defendants Holy Family Hospital, ~~William Lane~~ WDR, Gerald O'Neill and Martha McDrury hereby certify that the afore-mentioned Defendants have been informed of the potential costs in litigating this suit. I also certify that the afore-mentioned Defendants have been informed of alternative dispute resolution programs such as mediation, arbitration and negotiation.

Date: 1-12-05

Respectfully submitted,
Counsel for Plaintiff,
Edgar Floriano,

Stephen L. D'Angelo, Esq.
BBO#: 640900
Saba Hashem, Esq.
BBO#: 642104
Thomas J. Hogan, Esq.
BBO#: 657919
D'Angelo & Hashem, LLC
6 Beacon Street, Suite 505
Boston, MA 02108
(617) 624-9777

Respectfully submitted,
Counsel for Defendants,
Holy Family Hospital,
William Lane, Gerald
O'Neill, and Martha
McDrury,

Wilson D. Rogers, III
BBO#: 559943
Wilson D. Rogers, Jr.
BBO#: 425120
Megan M. Grew
BBO#: 654847
The Rogers Law Firm, P.C.
100 Cambridge St., 20th Floor
Boston, MA 02114
(617) 723-1100